Peggy L. MEREDITH *v.* DILLARD
DEPARTMENT STORES, INC.

81-76                                    616 S.W. 2d 471

Supreme Court of Arkansas
Opinion delivered May 18, 1981
[Rehearing denied June 22, 1981.]

*R. L. Walloch* and *Raymond Weber,* for appellant.

*Eichenbaum, Scott, Miller, Crockett, Darr & Hawk, P.A.,* by: *Frank S. Hamlin,* for appellee.

ROBERT H. DUDLEY, Justice. Appellant, Peggy L. Meredith, contends that appellee, Dillard Department Stores, Inc., violated the Arkansas Equal Pay Act, specifically Ark. Stat. Ann. §§ 81-623, 81-624 and 81-626 (Repl. 1976). The jury's verdict was: "We find that Dillard Department Stores, Inc., discriminated against Peggy Meredith in the payment of wages because of her sex." The parties then agreed that the trial judge should compute the damages upon a set of stipulated facts. That stipulation and the admissions in the pleadings are all of the facts we are afforded. The transcript does not contain any of the evidence presented to the jury.

The facts stipulated are that on December 29, 1977, a male began working for appellee at the rate of $5.37 per hour and worked a total of 96 hours through January 14, 1978. Appellant was receiving $3.25 per hour from appellee on the date the male was employed and worked through January 14, 1978. During this period she worked 105 hours and received one and one-half times her normal rate for overtime pay. In addition to these stipulated facts, the allegations of the complaint and admissions in the answer establish that appellee employed appellant on May 23, 1974 and that on February 21, 1977, she began work as a tele-processing monitor.

The trial judge computed the appellant's damages based upon wages paid during the period in which the male and the appellant were simultaneously employed. He found $159.60 in unpaid wages owing to appellant as a result of the discrimination, assessed $159.60 as liquidated damages and awarded a fee to appellant's attorneys.

Appellant contends that the trial court used the wrong measure of time in determining wages due as she was wrongfully denied equal wages for the entire period of her employment and for subsequent periods when she was unemployed.

With the proof before us, it is not possible to consider appellant's arguments. We are asked to allow back wages for the entire period of her employment. Yet, prior to December 29, 1977, there is no proof of the employment of any other

person, either male or female; no proof of other wages paid; no proof of other discrimination. To hold that discrimination existed during this period would amount to sheer speculation. The period of simultaneous employment is the only period that the two wages are shown to have been paid. Similarly, the date is the only evidence we are given concerning the appellant's termination of employment. Again we cannot speculate on the reason employment was terminated or when appellant returned to work, if she did.

The wages paid during the period of simultaneous employment were the only comparative wages before the trial court. Under those circumstances the trial court used the correct period to determine wages.

Affirmed.